*Kirkpatrick C. J. and Rossell J.
The court cannot permit a party to disregard the order for a nonsuit, and receive any benefit therefrom. The verdict must be set aside and considered as if not taken: the postea must be amended, so as to return the nonsuit; and the case must stand, here, upon the merits of the nonsuit.
Southard J.
thought the true rule to be ; that where a nonsuit was directed, the plaintiff might or might not answer. A nonsuit was a voluntary thing. If he did answer, and the defendant relied upon the opinion of the court, and did not give evidence, the plaintiff proceeded at his peril; if the verdict was for him, it should be set aside, on motion, and without argument, because the defendant had made no defence under the advice of the court. But if the verdict was against the plaintiff, he should be without remedy; the court would not interfere to relieve him from a verdict which he had sought against its opinion. But if, when the plaintiff determines to receive the verdict, the defendant does not rely on the opinion of the court, but goes before the jury, he puts himself on the strength of his case, and must stand or fall by it. He must depend upon the merits of his cause alone. And the court, in this case, ought to consider the rule for a new trial, as if no order for nonsuit had been given.
The court directed the propriety of the nonsuit to be argued. Wall then moved to amend the declaration, by “ striking out the time of the demise and ouster therein contained, and inserting, in lieu thereof, as to the demise the words, first day of December ; and in lieu of the time of commencing said demise, the thirtieth day of November; and in lieu of the time of ouster, the words, second *984 day of the same month of December. And also in respect the term, by striking out the word ten, and inserting, in place thereof, the word twenty.”
Coxe objected, that this motion could not be heard at this stage of the controversy, until the other question Was disposed o'f. But the court said, that a motion for amendment, might be heard at any time, and at almost any stage in the prbgress of a- cause.
Wall and L. H. Stockton. The object of the amendment is, to change the date of the lease, because the lessor was a married woman at that time. Such amendment may be made. 4 Bur. 2447. Run. 121, 229. 2 Penn. 711. 2 Cra. 478. 3 Wil. 273. 3 Bur. 1243. 2 Str. 807. 2 Bur. 1159. 3 Bur. 1256, 1294.
* Coox and R. Stockton: Amendments are the creation of modern times, and always made on the principle of furthering justice. They are allowed only, where the title is defectively set out, not where the title is defective. 2 Bur. 1161, 667. 2 Sell. 169. Willes 330, 183. 1 Yeates 551. 11 John. 423. Chip. Verm. Rep. 69. The application here, is, to change the whole declaration, and, therefore, ought to have been made in reasonable time, not at so late a period as the present. These amendments are confined to matters of form, but time is not always so. It is sometimes, as in the present case, essential to the title of the plaintiff. On it depends the right of making the lease. At the time laid, there was no title ; amend it as desired, and the title may be good.
By the court.
Let the declaration be amended, in the particulars mentioned, upon payment of the costs of the said amendment.